**Signed and Filed: November 04, 2011**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 10-30889DM
JITENDRA M. VORA,                  )
                                   )
              Debtor.              ) Chapter 11
_____)
```

MEMORANDUM DECISION REGARDING COUNSEL'S FEE APPLICATION

On October 14, 2011, the court held a hearing on the Application for Final Compensation (the "Fee Application) of Oxana Kozlov, Esq. ("Kozlov") for services rendered as counsel to the chapter 11 debtor-in-possession Jitendra Vora ("Debtor"). Kozlov sought allowance of fees in the amount of $36,312.50; she holds a retainer in the amount of $20,000 (leaving a balance of $16,312.50 to be paid by Debtor).

While no party filed a written opposition to the fee application, Debtor appeared at the hearing and contended that Kozlov had agreed to accept $10,000 as compensation in full. The record, however, reflects that Debtor paid the $20,000 retainer, and neither the employment application signed by Debtor nor the retention agreement signed by Debtor contains a ceiling on fees to be charged. <u>See</u> Docket No. 30 and Docket No. 31-1. Debtor's response to Question 9 in his Statement of Financial Affairs

-1-

reflects that he paid $20,000 to Kozlov.  Therefore, despite
Debtor's contention that the fees charged exceed those which he
agreed to pay and Kozlov agreed to accept (i.e., $10,000), the
documents in the record reflect otherwise.  The court therefore
overrules this objection.

Even absent any opposition, the court has an independent duty
to review fees charged by professionals employed by the estate.
In re Maruko Inc., 160 B.R. 633 (Bankr. S.D. Cal. 1993).
Here, the court believes that the billing rates charged by Kozlov
and her paralegal, Alexander Volkov ("Volkov"), are well within
the range of reasonable.  Moreover, the court has no issue with
the quality of Kozlov's work and the results achieved in this
case: working out agreements with the creditors in two impaired
classes and confirming a plan that paid unsecured creditors in
full.

That said, the court is reducing Kozlov's fees by $3,000
because many of the tasks performed by Volkov were non-legal in
nature and did not require assistance of counsel.  As such, they
were not "necessary" services that were compensable.  11 U.S.C. §
330(a)(1)(A); In re Garcia, 335 B.R. 717 (9th Cir. BAP 2005)
(affirming denial of attorney fees for assisting trustee in sale
of property; the fees were not "compensable as legal services").

For example, on March 17, 2010, Volkov charged fees for
driving Debtor to different banks and assisting him in closing
personal accounts and opening debtor-in-possession accounts.  On
June 24, 2010, he "obtained a competitive [insurance] agent,
connected agent and client."  On July 30, 2010, he met with Debtor
"to gather all needed information about vacant units, made

Case: 10-30889    Doc# 105    Filed: 11/04/11    Entered: 11/07/11 11:31:04    Page 2 of 6

pictures [and went to bank] to obtain monthly statements." In July and August, he charged time for preparing, posting, correcting, and eventually removing online advertisements regarding the vacant units. He met with Debtor regarding responses and feedback on "the ads, potential renters filling up applications, answered technical/general questions regarding needed cleanup and repairs on the property." In the same months, he drafted an advertisement seeking employment for Debtor's wife, and communicated with her about the responses.

Throughout the case, he "facilitated transfer and delivery" of documents to and from Debtor, services which are essentially those of a courier and can be performed for less than $125 an hour. While all of these services were undoubtedly helpful to Debtor and contributed to the general administration of the estate, they were not legal services for which the court approved Kozlov's employment. The charges for these fees equal approximately $2,000.

In addition, Volkov drafted all of the monthly operating reports (seventeen, using simpler forms promulgated by the United States Trustee's office for small real estate/individual cases) in this case, charging approximately $5,300 for this work (obtaining financial data from Debtor and drafting the reports), with Kozlov charging another $2,177 for "attending to preparation and filing" of the reports. In general, Debtors or their financial professional should prepare such reports, with counsel reviewing and filing them. In re Koerkenmeier, 344 B.R. 603 (Bankr. W.D. Mo. 2006) (reducing by half fees charged by attorney and assistant for preparation of monthly operating reports as "[t]hose reports

Case: 10-30889    Doc# 105    Filed: 11/04/11    Entered: 11/07/11 11:31:04    Page 3 of 6

should be prepared by the client (or a financial professional) with final review by counsel.").

Because Debtor is paying unsecured creditors in full, allowance of Kozlov's fees will not affect them directly. Moreover, many of the services described here did benefit Debtor, and he is the one who is responsible for payment of the administrative expenses. Therefore, the court is reducing the fees by only $3,000, and will allow the balance of the requested fees.

That said, Debtor's amended disclosure statement and amended plan did not provide an estimate of unpaid administrative costs. Such costs were not included in the budget of income and expenses attached to the disclosure statement. Therefore, while the court will allow $33,312.50 in compensation and will authorize Kozlov to apply the $20,000 retainer against the allowed fees, it will not authorize payment of the $13,312.50 balance until it is satisfied that payment will not affect Debtor's ability to perform his obligations under the plan. To that end, the court directs Kozlov to confer with Debtor and file, no later than November 18, 2011, either an agreed payment plan (or in the absence of an agreement, her own proposed schedule of payment (i.e., lump sum or installments, etc.) and an explanation of how that proposed payment will or will not affect plan performance. If Debtor disagrees with the proposed payment, he should file an opposition no later than November 30, 2011.

Kozlov should upload an order allowing fees in the amount of $33,312.50 and authorizing application of the $20,000 against the allowed fees. The order should reflect that payment of the

-4-

Case: 10-30889    Doc# 105    Filed: 11/04/11    Entered: 11/07/11 11:31:04    Page 4 of 6

1 | balance ($13,312.50) is deferred pending further order of the
2 | court.
3 | **END OF MEMORANDUM DECISION**

Case: 10-30889   Doc# 105   Filed: 11/04/11   Entered: 11/07/11 11:31:04   Page 5 of 6

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Jitendra M. Vora |
| | 1435 Waller Str. # 3 |
| 3 | San Francisco, CA 94117 |

-6-